## In re AIMSTER COPYRIGHT LITIGATION

### No. 1425.

Judicial Panel on Multidistrict Litigation.

Nov. 16, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ,** Judges of the Panel.

## TRANSFER ORDER

HODGES, Chairman.

This litigation currently consists of the nine actions listed on the attached Schedule A and pending in three federal districts as follows: five actions in the Northern District of New York, three actions in the Southern District of New York, and one action in the Central District of California.[1] Before the Panel is a motion pursuant to 28 U.S.C. § 1407 brought by AOL Time Warner and its affiliated entities [2] for coordinated or consolidated pretrial proceedings of the nine actions in this litigation in the Southern District of New York.

AbovePeer, Inc.; BuddyUSA, Inc.; and John A. Deep (collectively Aimster) oppose centralization. In the alternative, should the Panel determine that centralization is appropriate, these parties would support the Northern District of New York as transferee district.

All other responding parties agree that centralization is appropriate, but disagree on choice of transferee district. Respondents who are professional songwriters and music publishers [3] support the motion for transfer to the Southern District of New York, as do the Recording Industry Association of America, Inc. (RIAA) and various record company respondents.[4] In the alternative, the RIAA and the record company respondents ask the Panel to transfer the actions to a district other than the Northern District of New York. Respondents from the motion picture industry [5] suggest the Central District of Cali-

---

* Judges Selya and Motz took no part in the decision of this matter.

** Judges Selya and Motz took no part in the decision of this matter.

1. The parties have notified the Panel of two additional related actions pending, respectively, in the Southern District of Florida and the Middle District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Atlantic Recording Corporation, Elektra Entertainment & Group Inc., Warner Bros. Records Inc., London–Sire Records Inc., Maverick Recording Company, 143 Records, Tommy Boy Music, Atlantic Rhino Ventures Inc. d/b/a Rhino Entertainment Company, WEA International Inc., WEA Latina Inc., Time Warner Entertainment Company, L.P., and New Line Cinema Corporation.

3. Jerry Leiber individually and d/b/a Jerry Leiber Music, Mike Stoller individually and d/b/a Mike Stoller Music, The Rodgers and Hammerstein Organization, Criterion Music Corporation, and Famous Music Corporation.

Acuff–Rose Music Publishing, Inc. filed a separate response in support of the motion.

4. A & M Records, Inc.; Arista Records, Inc.; BMG Music d/b/a The RCA Records Label; Capitol Records, Inc.; Geffen Records, Inc.; Interscope Records, Inc.; Island Records, Inc.; La Face Records; MCA Records, Inc.; Motown Record Company L.P.; Polygram Records, Inc.; Sony Music Entertainment Inc.; Universal Records Inc.; Virgin Records America, Inc.; Zomba Recording Corporation; Caroline Records, Inc.; EMI Christian Music Group, Inc.; Narada Productions, Inc.; Noo Trybe Records, Inc.; The Forefront Communications Group; Priority Records LLC; Sony Discos, Inc.; UMG Recordings, Inc.; Loud Records, LLC; Hollywood Records, Inc.; BMG Music d/b/a Windham Hill; BMG Music d/b/a BMG Entertainment; and Bad Boy Records.

5. Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Metro–Goldwyn–Mayer Studios Inc.; Paramount Pictures Corporation; Sony Pictures Entertainment Inc.; Twentieth Century Fox Film Corporation; Universal City Studios, Inc.; and the Motion Picture Association of America, Inc.

fornia as transferee district. Plaintiffs[6] in a potential tag-along action in the Southern District of Florida suggest transfer to that district; however, if the Panel declines to transfer this litigation to the Southern District of Florida, these plaintiffs would support transfer to the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the nine actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These common factual questions concern whether the distribution of files over the Internet using the Aimster service constitutes copyright infringement. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

With respect to selection of the transferee district, we note that this is a nationwide litigation with actions, parties, and suggested transferee districts located on each coast. Accordingly, we are of the view that the Northern District of Illinois is a convenient, central forum. Moreover, we are assigning this litigation to a judge who is highly experienced in complex litigation and whose caseload burden is favorable to accepting this assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Northern District of

Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

*MDL–1425—In re Aimster Copyright Litigation*

*Central District of* California

*Columbia Pictures Industries, Inc., et al. v. John A. Deep, et al.,* C.A. No. 2:01–5648

*Northern District of New York*

*BuddyUSA, Inc. v. Recording Industry Association of America, Inc., et al.,* C.A. No. 1:01–631

*AbovePeer, Inc. v. Recording Industry Association of America, Inc., et al.,* C.A. No. 1:01–632

*AbovePeer, Inc. v. Zomba Recording Corp., et al.,* C.A. No. 1:01–809

*AbovePeer, Inc. v. Motion Picture Association of America, et al.,* C.A. No. 1:01–810

*AbovePeer, Inc. v. Acuff–Rose Music Publishing, Inc., et al.,* C.A. No. 1:01–811

*Southern District of New York*

*Zomba Recording Corp., et al. v. John Deep, et al.,* C.A. No. 1:01–4452

*Atlantic Recording Corp., et al. v. AbovePeer, Inc., et al.,* C.A. No. 1:01–4460

*Jerry Leiber, et al. v. AbovePeer, Inc., et al.,* C.A. No. 1:01–5901

---

**6.** Fonovisa, Inc.; Musical Productions Inc.; and Platano Records Corporation.